ASHER *v.* BIRMINGHAM FIRE INSURANCE COMPANY
OF PENNSYLVANIA

No. 41627          January 16, 1961          125 So. 2d 824

*Cox & Dunn,* Jackson, for appellant.

*Watkins & Eager,* Jackson, for appellee.

HALL, P. J.

This action was brought by the appellant for recovery on a policy of fire insurance alleged to have been issued by the appellee on a three-story dwelling house situated near Russum, Mississippi. The house was destroyed by fire on June 6, 1958. Vacancy permit was applied for by appellant but was never issued. He issued his check for a vacancy permit after the fire. And on separate examination, as provided by the policy, he admitted that the house was vacant.

Robert Barksdale Company, Inc., is an insurance agency with whom the appellant places all of his insurance.

Mr. Asher is an agent of Robert Barksdale Company, Inc., and is an insurance agent, duly licensed as such and gets commissions on all business written by him. Robert Barksdale Agency, Inc. was closed on June 3, 1958, and a special agent for the insurance company went over and withdrew all of the unused policies.

Mrs. Fred Wallace of Jackson is the rate clerk and policywriter with Barksdale Company, and Mr. Asher called her by telephone and asked about a vacancy permit on property situated in Jackson, and she stated to him that a vacancy permit was not necessary on Jackson property, but she testified that this is not the case with farm property.

Mr. Asher admitted that after the fire which destroyed the house, he undertook to obtain a vacancy permit and have it dated back, and he issued a post dated check in payment of same after the fire, but he never did obtain the vacancy permit.

The house was described in the policy as an approved roof, frame dwelling, occupied by tenant as a one-family dwelling, situated about four miles east of Russum, Mississippi, on the east side of Redlick Road, known as Oak Hill Road, in Jefferson County, Mississippi.

Mr. Asher also admitted that when he bought the land on which the house in question was situated he was really not interested in the house but only in the mineral rights, and in his purchase he obtained a three-fourths interest in the mineral rights.

Easter Combs testified that she lives with her husband in a tenant house on the place in question, but not in the house that burned. She said that Lyman Combs lived in the house that burned until he died in 1953, and that his wife, Helen, died about a year later, and that nobody has ever lived in the house since then. She said that after Helen's death there was one bed in the house, with no mattress on it, and also a couple of quilts and a couple of trunks which were his mother's and which

things had never been moved out of the house, and that she also left an old food safe in the kitchen, as well as a table and two or three chairs. The death certificate of Helen Combs shows that she died February 17, 1958, and by testimony it was shown that no one else has ever occupied the house since that time.

Mr. Barksdale testified that he wrote up the vacancy permit but did not sign and send it to the insurance company, and asked their approval, but they refused to recognize the vacancy.

The jury in this case found in favor of the defendant and from a judgment entered on that verdict, Mr. Asher appeals.

Due to a fully explained error, there was a mistake of $8.75 in refunding the premium on this policy, and the appellants contends that this kept the policy in effect, but we think this contention is wholly without merit. See 44 C. J. S., Insurance, p. 1387.

As a matter of fact, the appellee was entitled to a peremptory instruction, but, since the jury found in favor of the appellee, the judgment of the lower court must be, and it is, hereby affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.